IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| JOHN HARMON<br>2250 Endovalley Drive<br>Cincinnati, Ohio 45244 | : <br><br>: | Case No.: 1:10-cv-911<br><br>Judge Herman J. Weber |
| and | : | |
| STEPHANIE HARMON<br>2250 Endovalley Drive<br>Cincinnati, Ohio 45244 | :<br><br>: | |
| Plaintiffs, | : | |
| v. | : | FIRST AMENDED COMPLAINT<br>AND JURY DEMAND |
| HAMILTON COUNTY, OHIO<br>138 East Court Street<br>Cincinnati, Ohio 45202 | :<br><br>: | |
| and | : | |
| HAMILTON COUNTY BOARD OF<br>COUNTY COMMISSIONERS<br>138 East Court Street, Room 603<br>Cincinnati, Ohio 45202 | :<br><br>: | |
| | : | |
| and | | |
| | : | |
| SIMON L. LEIS, JR.,<br>IN HIS OFFICIAL CAPACITY<br>Hamilton County Sheriff<br>Hamilton County Justice Center<br>1000 Sycamore Street, Room 110<br>Cincinnati, Ohio 45202 | :<br><br>:<br><br>: | |
| and | : | |
| HAMILTON COUNTY SHERIFF'S<br>DEPARTMENT<br>Hamilton County Justice Center<br>1000 Sycamore Street, Room 110<br>Cincinnati, Ohio 45202 | :<br><br>:<br><br>: | |

and                                                                    :

PATROL OFFICER RYAN WOLF                     :
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY                                                         :
Hamilton County Patrol Division
11021 Hamilton Avenue                              :
Cincinnati, Ohio 45231
                                                                             :
and

                                                                             :
PATROL OFFICER MATTHEW WISSEL
IN HIS OFFICIAL AND INDIVIDUAL       :
CAPACITY
Hamilton County Patrol Division                :
11021 Hamilton Avenue
Cincinnati, Ohio 45231                              :

and                                                                    :

PATROL OFFICER JOHN HAYNES            :
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY                                                         :
Hamilton County Patrol Division
11021 Hamilton Avenue                              :
Cincinnati, Ohio 45231
                                                                             :
and
                                                                             :
PATROL OFFICER SHAWN COX
IN HIS OFFICIAL AND INDIVIDUAL        :
CAPACITY
Hamilton County Patrol Division                :
11021 Hamilton Avenue
Cincinnati, Ohio 45231                               :

and                                                                     :

SERGEANT BARBARA STUCKEY            :
IN HER OFFICIAL AND INDIVIDUAL
CAPACITY                                                          :
Hamilton County Patrol Division
11021 Hamilton Avenue                               :
Cincinnati, Ohio 45231
                                                                              :
            Defendants.

2

Plaintiffs, John Harmon and Stephanie Harmon, state their complaint against the Defendants, Hamilton County, Ohio, Hamilton County Board of County Commissioners, Simon Leis, Hamilton County Sheriff, Hamilton County Sheriff's Department, Patrol Officer Ryan Wolf, Patrol Officer Matthew Wissel, Patrol Officer John Haynes, Patrol Officer Shawn Cox, and Sergeant Barbara Stuckey, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 to redress injuries suffered by the Plaintiff for deprivation under color of state law of rights secured by the Fourth and Fourteenth Amendment to the United States Constitution. This court has jurisdiction under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131-12132. This court has jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue in the United States District Court, Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all relevant times, Plaintiff John Harmon ("Harmon") was a resident of Hamilton County, Ohio.

4. Plaintiff Stephanie Harmon is the wife of John Harmon. At all relevant times, Stephanie Harmon was a resident of Hamilton County, Ohio.

5. Defendant, Hamilton County, Ohio is a political subdivision of the State of Ohio. It is organized and exists pursuant to the laws of the State of Ohio. At all times relevant to this action, Hamilton County employed, controlled, or had the right to control Defendants Wolf, Wissel, Haynes, Cox, and Stuckey.

6. Defendant, Hamilton County Board of County Commissioners is the governing body for Hamilton County, Ohio and is charged with making policy decisions for the county.

7. Defendant Simon L. Leis, Jr. is and was at all relevant times the Sheriff of Hamilton County, Ohio, and, as such, was responsible for training, supervising, and disciplining employees and agents of the Hamilton County Sheriff's Department. Defendant Leis is empowered with making policy decisions for the Hamilton County Sheriff's Office. At all relevant times, Defendant Leis acted under color of state law. Defendant Leis is sued in his official capacity only.

8. Defendant Hamilton County Sheriff's Department is a department of Hamilton County, Ohio.

9. Defendant Ryan Wolf is a patrol officer employed by Hamilton County and the Hamilton County Sheriff's Department. At all times relevant, Defendant Wolf acted under color of state law and his actions described herein constituted state action. Defendant Ryan Wolf is sued in his individual and official capacity.

10. Defendant Matthew Wissel is a patrol officer employed by Hamilton County and the Hamilton County Sheriff's Department. At all times relevant, Defendant Wissel acted under color of state law and his actions described herein constituted state action. Defendant Matthew Wissel is sued in his individual and official capacity.

11. Defendant John Haynes is a patrol officer employed by Hamilton County and the Hamilton County Sheriff's Department. According to his personnel records, Defendant Haynes has a history of displaying overly aggressive and abusive behavior towards the public. Sheriff's Department records reveal that officers from the Sheriff's department, as well as other police agencies, "do not want to be around him" due to his attitude and aggressive behavior. One

4

officer commented that, "it is only a matter of time before Haynes seriously hurts or kills someone." At all times relevant, Defendant Haynes acted under color of state law and his actions described herein constituted state action. Defendant John Haynes is sued in his individual and official capacity.

12. Defendant Shawn Cox is a patrol officer employed by Hamilton County and the Hamilton County Sheriff's Department. At all times relevant, Defendant Cox acted under color of state law and his actions described herein constituted state action. Defendant Shawn Cox is sued in his individual and official capacity.

13. Defendant Barbara Stuckey is a sergeant employed by Hamilton County and the Hamilton County Sheriff's Department. At all times relevant, Defendant Stuckey acted under color of state law and her actions described herein constituted state action. Defendant Barbara Stuckey is sued in her individual and official capacity

GENERAL ALLEGATIONS

14. On or about October 20, 2009 at approximately 1:15 a.m., Harmon was driving home in his sport utility vehicle on Clough Pike in Anderson Township, Hamilton County, Ohio after having worked late.

15. Harmon is a large, African American male.

16. Anderson Township is a largely white area of Hamilton County.

17. The actions taken by the Defendants against Harmon described in this Complaint were due to the fact that Harmon was a large African-American male driving a sport utility vehicle at a late hour through a primarily white area of Hamilton County.

18. While driving, Harmon, who is diabetic, began to suffer a medical emergency caused by dangerously low sugar levels which impaired his ability to operate his vehicle and respond to instructions.

5

19. At the same time, Defendant Ryan Wolf was patrolling the area in his sheriff vehicle and in his uniform.

20. Defendant Wolf claimed he observed Harmon's vehicle weaving.

21. Acting under color of state law and utilizing his apparent authority as a peace officer, Defendant Wolf activated his lights and sirens and pulled Harmon over.

22. After a short distance, Harmon was able to stop his vehicle.

23. Defendant Wolf approached Harmon's vehicle with his gun drawn along with a second patrol officer, Defendant Wissel. Without giving Harmon an opportunity to comply with any order, if, in fact, any order was given, Defendant Wolf shattered the driver's side window of Harmon's vehicle, spraying Harmon's face and body with broken glass. As this was occurring, a third patrol officer, Defendant Haynes arrived at the scene.

24. Almost immediately, Harmon was tased by Defendant Wissel.

25. The officers attempted to remove Harmon from his vehicle by violently pulling him by his neck. Harmon was then tased again. They were unable to remove Harmon because Harmon was caught in his seatbelt. Defendant Wissel cut Harmon's seatbelt in order to remove him from the vehicle.

26. Harmon was then violently dragged from the vehicle, thrown on the ground, kicked in the head by a boot, and stomped mercilessly while laying on his back. In the process, Harmon suffered numerous injuries, including a severely dislocated elbow and trauma to his shoulder and thumb. During the course of these events, which lasted approximately two minutes and twenty seconds, he was tased a total of seven times – three times by Defendant Wissel and four times by Defendant Haynes.

6

27.     During the course of these events, State Trooper Chris Sanger and Patrol Officers Shawn Cox and Tony Gardner arrived at the scene.  Patrol Officer Shawn Cox participated with the other officers in placing Mr. Harmon in handcuffs.

28.     As these events were occurring, State Trooper Sanger separated Defendant Wolf from Harmon on two occasions due to Defendant's Wolf's abusive treatment of Harmon.

29.     During the course of these events, Patrol Officer Gardner located a diabetic kit on the floorboard of Harmon's vehicle.  At one point, Harmon was asked by officers if he is diabetic, to which Harmon responded, "yes."

30.     Paramedics were called to the scene, and it was confirmed that Harmon's blood sugar level was extremely low.  Harmon was transported to the hospital.

31.     Once at the hospital, and while Harmon was awaiting medical treatment, Defendant Cox refused to allow Harmon to use the restroom, which eventually resulted in Harmon being deeply humiliated and embarrassed when he urinated on himself.

32.     With full knowledge that Harmon had suffered a medical emergency due to his diabetic condition, Defendant Wolf filed criminal charges against Harmon.  These charges were approved by Defendant Stuckey, Defendant Wolf's supervisor, who was also aware that Harmon had suffered a medical emergency.  Harmon was charged with (1) failure to comply with an order or signal of a police officer; (2) resisting arrest; (3) operating his vehicle with only one headlight; and (4) failure to drive in a marked lane.  These charges were maliciously filed against Harmon in an attempt to cover-up the actions of the officers.

33.     Upon information and belief, Harmon was charged with these crimes, at least in part, due to a policy of the Hamilton County Sheriff's Department requiring the arrest of any citizen who is stunned with a taser by a Hamilton County Sheriff's Department officer.

34. The following day, Harmon turned himself into the Hamilton County Justice Center, where he was held for five hours before being released on bond.

35. All charges were subsequently dismissed at the request of the Hamilton County prosecuting attorney on November 3, 2010, only 14 days after the incident.

## COUNT I - VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983
## FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEIZURE; FALSE ARREST

36. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

37. Defendants have, under color of state law, deprived Harmon of rights, privileges, and amenities secured by the United States Constitution, including, inter alia, the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' actions constituted an unreasonable seizure and false arrest of Harmon.

39. As a result of Defendants' actions, Harmon suffered permanent injury and damages.

## COUNT II – VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983
## FOURTH AMENDMENT CLAIM FOR MALICOUS PROSECUTION

40. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

41. Defendants have, under color of state law, deprived Harmon of rights, privileges, and amenities secured by the United States Constitution, including, inter alia, the Fourth and Fourteenth Amendments to the United States Constitution.

42. In an effort to conceal their misconduct, Defendant Wolf, with the approval of Defendant Stuckey, charged Harmon with criminal violations.

43. Defendants' actions constituted a malicious prosecution of Harmon.

44. As a result of Defendants' actions, Harmon suffered damages.

## COUNT III – STATE LAW CLAIM FOR BATTERY

45. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

46. Defendants Wolf, Wissel, Cox, and Haynes acted with the intent of causing harmful or offensive contact to Harmon.

47. Defendants Wolf, Wissel, Cox, and Haynes did engage in an act that caused harmful or offensive contact to Harmon constituting battery.

48. As a result of such contact, Harmon suffered injury and damages.

## COUNT IV – STATE LAW CLAIM FOR MALICIOUS PROSECUTION

49. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

50. Defendants Wolf and Stuckey maliciously instituted and/or continued to prosecute Harmon and without probable cause to do so.

51. All charges were dismissed against Harmon by the prosecution, thus constituting a termination of the court proceedings in favor of the accused.

52. As a result of Defendants' actions, Harmon suffered substantial damages.

## COUNT V – VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983
## FOURTH AMENDMENT CLAIM FOR EXCESSIVE FORCE

53. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

54. Defendants Wolf, Wissel, Cox, and Haynes, when they should have been calling for help to respond to Harmon's medical emergency, used excessive force against Harmon, repeatedly inflicting severe pain and permanent injury.

55. Defendants have, under color of state law, deprived Harmon of rights, privileges, and amenities secured by the United States Constitution, including, inter alia, the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a result of Defendants' actions, Harmon suffered serious injury and damages.

COUNT VI – VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983
AGAINST DEFENDANTS HAMILTON COUNTY, HAMILTON COUNTY BOARD OF COUNTY COMISSIONERS, SIMON L. LEIS, JR., AND THE HAMILTON COUNTY SHERIFF'S DEPARTMENT

57. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully restated herein.

58. Defendants have, under color of state law, deprived Harmon of rights, privileges, and amenities secured by the United States Constitution, including, inter alia, the Fourth and Fourteenth Amendments to the United States Constitution.

59. Defendants Wolf, Wissel, Cox, and Haynes' wrongful conduct was the direct result of policies, practices, and customs that allowed excessive force to be used against citizens.

60. Defendants Hamilton County, Hamilton County Board of County Commissioners, Simon L. Leis, Jr., and the Hamilton County Sheriff's Department failed to establish adequate policies and procedures to properly train and/or supervise Defendants Wolf, Wissel, Cox, and Haynes.

61. Defendants Hamilton County, Hamilton County Board of County Commissioners, Simon L. Leis, Jr., and the Hamilton County Sheriff's Department failed to protect the public by allowing Defendant Haynes to continue in his employment as a Hamilton County Patrol Officer even after repeated reports to the department of his overly aggressive and abusive behavior towards the public.

62. Defendants Hamilton County, Hamilton County Board of County Commissioners, Simon L. Leis, Jr., and the Hamilton County Sheriff's Department failed to establish adequate policies and procedures to properly train and/or supervise Defendants Wolf, Wissel, Cox, and Haynes on identifying and properly responding to a medical emergency.

63. Defendants Hamilton County, Hamilton County Board of County Commissioners, Simon L. Leis, Jr., and the Hamilton County Sheriff's Department had policies in place that caused Harmon to be arrested, thereby depriving Harmon of his Fourth Amendment right to be free from unreasonable search and seizure, as the policies mandated a warrantless arrest of Harmon without probable cause.

64. These acts and/or omissions directly and proximately resulted in the violent injury Harmon was subjected to at the hands of Defendants Wolf, Wissel, Cox, and Haynes followed by his wrongful arrest in violation of Harmon's civil rights.

65. As a result of these actions, Harmon suffered serious injury and damages.

COUNT VII – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

66. Plaintiffs incorporate the allegations made in the preceding paragraphs as if fully restated herein.

67. At all times relevant, Harmon was a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA").

68. Hamilton County and the Hamilton County Sheriff's Department are public entities within the meaning of the ADA, and are therefore subject to Title II of the ADA, 42 U.S.C. §12131, *et seq.*, and its implementing regulations, 28 C.F.R. Part 35.

69. The rendering of police services, including during a traffic stop, constitutes a "service, program, or activity" of the Hamilton County Sheriff's Department and Hamilton County within the meaning of Title II of the ADA.

70. The actions taken by the officers against Harmon during the course of the traffic stop deprived Harmon or subjected Harmon to discrimination under a service, program, or activity solely because of his disability.

71. Defendants wrongfully characterized Harmon's actions or inactions during the course of the traffic stop as criminal activity rather than the effects of his disability, even after learning definitively that Harmon was suffering from a serious medical condition, and wrongfully arrested Harmon.

72. The actions of Hamilton County and the Hamilton County Sheriff's Department as alleged herein constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132 and its implementing regulations.

COUNT VIII – INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS

73. Plaintiffs incorporate the allegations made in the preceding paragraphs as if fully restated herein.

74. Defendants Wolf, Wissel, Cox, and Haynes, through their reckless and indifferent behavior, intended to cause Harmon emotional distress.

75. The conduct of Defendants Wolf, Wissel, Cox, and Haynes was so extreme and outrageous as to go beyond the bounds of decency and was such that the conduct can be considered utterly intolerable in a civilized society.

76. The conduct of Defendants Wolf, Wissel, Cox, and Haynes caused psychiatric injury to Harmon.

77. The mental anguish suffered by Harmon as a result of the actions of Wolf, Wissel, Cox, and Haynes was so serious and of a nature no reasonable man could be expected to endure.

## COUNT IX - LOSS OF CONSORTIUM

78. Plaintiffs incorporate the allegations made in the preceding paragraphs as if fully restated herein.

79. As a direct and proximate result of the actions of all Defendants, Plaintiff Stephanie Harmon has suffered a loss of society, love, companionship, and solace.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

A. Grant compensatory damages against all Defendants in an amount to be determined at trial

B. Grant punitive damages against Defendants, as permitted by law, in an amount to be determined at trial;

C. Grant Plaintiffs reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or 42 U.S.C. §12205;

D. Grant Plaintiffs a trial by jury; and

E. Award such other and further relief as is just and necessary.

Respectfully submitted,

_s/ Timothy M. Burke_____
Timothy M. Burke      (0009189)
Emily Supinger        (0074006)
Manley Burke
225 West Court Street
Cincinnati, Ohio 45202
Telephone:    (513) 721-5525
Facsimile:    (513) 721-4268

                                                __s/ Darrell D. Payne_____
                                                Darrell D. Payne      (0053940)
                                                Payne Professional Building
                                                527 Linton Street
                                                Cincinnati, Ohio 45219
                                                Telephone:     (513) 475-0200

## JURY DEMAND

Plaintiff demands a trial by jury.

                                                ___s/ Timothy M. Burke_____
                                                Timothy M. Burke

vol1:CLIENTS:Harmon, John:Pleadings:Harmon complaint.doc