UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN HARMON, et al.

        Plaintiffs,

v.                                          Case No. 1:10-cv-911-HJW

HAMILTON COUNTY, OHIO, et al.,

        Defendants

## ORDER

This matter is before the Court upon the "Motion for Leave to File Third-Party Complaint" (doc. no. 9) by two of the nine defendants: the Hamilton County Board of County Commissioners and Simon L. Leis, Jr., Sheriff for Hamilton County (hereinafter "the Hamilton defendants"). Defense counsel indicates that John and Stephanie Harmon ("plaintiffs") have advised, through counsel, that they are taking "no position" regarding the filling of the proposed third-party complaint against the Anderson Township Board of Trustees and Administrator, Vicky L. Earhart ("the Township"). The Township has filed an unopposed "Motion to Intervene" (doc. no. 11) for the limited purpose of filing a brief in opposition to the motion for leave to file the third-party complaint. Also pending is its "Motion for Sanctions" (doc. no. 18), which the Hamilton defendants oppose.

Having fully considered the record, including the motions, briefs, responses, replies, proposed third-party complaint, and applicable authority, the Court will <u>grant</u> the motion to intervene, <u>deny</u> the motion for leave to file the third-party complaint, and <u>deny</u> the motion for sanctions, for the following reasons:

**I. Background**

Anderson Township does not have its own police force, and instead, contracts with Hamilton County for policing services by the Hamilton County Sheriff's Department.[1] According to the plaintiffs' amended complaint (doc. no. 3), several officers of the Hamilton County Sheriff's Department allegedly violated Mr. Harmon's constitutional rights by using excessive force against him during a traffic stop. While Mr. Harmon was driving home on the evening of October 20, 2009, he began suffering from extremely low blood sugar due to a diabetic condition and was pulled over after officers observed his vehicle weave (¶¶ 14-18 ). He was unable to fully respond, and several officers then smashed his car window, tased him repeatedly, forcibly removed him, physically injured him, and continued to mistreat him while he was compliant on the ground (¶¶ 19-32 ). Criminal charges (e.g., resisting arrest) were filed against Mr. Harmon under a Hamilton County Sheriff's policy which allegedly requires the arrest of any citizen tased by the Sheriff's officers (¶ 33). The charges were dropped several weeks later (¶ 34).

The Hamilton defendants seek to file a third-party complaint in an effort to shift their potential liability to the Township and obtain a declaration of third-party liability. They attach the contract for policing services to their proposed pleading (doc. no. 9-3). Notably, such contract lacks any indemnification clause and

---

[1] See Ohio R.C. § 504.16 ("Each township that adopts a limited home rule government shall . . . contract . . .to obtain police protection services") and Ohio R.C. § 505.43 ("In order to obtain police protection, . . . any township may enter into a contract with . . . county sheriffs . . . for services of police departments . . . if the contract is first authorized by respective boards of township trustees").

expressly indicates in plain language (indeed, in bold letters) that the officers are the employees of the Hamilton County Sheriff.  Nonetheless, the Hamilton defendants contend that they have a "relationship" with the Township such that, in the event of a judgment against them, the Township defendants should be liable "for the full amount of any such judgment based on primary liability, equitable subrogation, and implied indemnification" (doc. no. 9-1 at ¶ 22).  Incredibly, the Hamilton defendants also contend that the Hamilton County Sheriff should be relieved of his duty to defend his own officers and that the proposed third-party defendants should defend them instead.

The Township defendants seek to intervene for the limited purpose of opposing the Hamilton defendant's motion for leave to file the third-party complaint.  They contend that the proposed pleading is factually and legally baseless and that the filing of the proposed third-party complaint would be futile.  The Township contends that it is simply not liable to the Hamilton defendants for any of plaintiffs' claims and ask for sanctions against the Hamilton defendants.

II.  The Motion for Intervention

Rule 24(a) of the Federal Rules of Civil Procedure provides in relevant part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24. The proposed intervenors point out that the Hamilton defendants

are trying to shift liability to them, and that the Township's obvious financial interest in this matter is not currently protected and needs to be protected. An intervenor's burden of showing inadequacy of representation under part (a)(2) is "minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972) (citing 3B J. Moore, Federal Practice 24.09-1 (4) (1969)). It is readily apparent that the existing parties do not adequately represent the interests of the Township. The proposed intervenors easily meet the criteria for intervention of right on the requested limited basis.

### III. The Motion for Leave to File Third-Party Complaint

Pursuant to Fed. R. Civ. P. 14, the Hamilton defendants request leave to file a third-party complaint against the Township, seeking a declaration that, if any judgment is rendered against them in this case, then the Township defendants should be liable "for the full amount of any such judgment based on primary liability, equitable subrogation, and implied indemnification" (doc. no. 9-1 at ¶ 22).[2] Fed. Rule Civ. Pro. 14 permits parties who are defending against claims to join other persons, not yet parties, who may be obligated to reimburse the party defending the claim for some or all of that party's liability. Fed.R.Civ.P. 14. "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." American Zurich Ins. Co. v.

---

[2] The Hamilton defendants moved to file the third-party complaint more than 14 days after filing their answer (doc. no. 5), and thus, must seek leave of court. Fed.R.Civ.P. 14(a)(1) (providing that the defendant/third-party plaintiff must "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer").

**Cooper Tire & Rubber Co.**, 512 F.3d 800, 805 (6th Cir. 2008).

However, "a party does not have an absolute right to implead." **U.S. Commodity Futures Trading Com'n v. Complete Developments, LLC**, 2011 WL 4361633 (N.D.Ohio). Whether to allow an impleader lies within the sound discretion of the Court. **General Elec. Co. v. Irvin**, 274 F.2d 175, 178 (6th Cir. 1960) (affirming district court's denial of leave to file third-party complaint); see also Moore's Federal Practice, Sec. 14.20, citing Advisory Committee Notes. Even if timely filed, a motion to file a third-party complaint may be denied if it would prejudice the plaintiff, unduly complicate the trial, or foster an obviously unmeritorious claim. **Trane U.S. Inc. v. Meehan**, 250 F.R.D. 319, 321–22 (N.D.Ohio 2008) (citing **Nova Prods., Inc.**, 220 F.R.D. at 240)); **Stevens v. Lazzarini**, 2002 WL 1584277(S.D. Ohio 2002) (denying leave because impleader would have prejudiced the plaintiffs).

The Court observes that the proposed third-party complaint and related briefs abundantly illustrate that its filing would unduly complicate and further delay the proceedings in this case. Although the Hamilton defendants contend that the Township will not be prejudiced because it was advised of this lawsuit early on, the Court is concerned about the resulting prejudice <u>to the plaintiffs</u>, whose case is being delayed by wrangling over the Hamilton defendants' tenuous arguments for potential third-party liability. The Court emphasizes that this is a civil rights action pursuant to 42 U.S.C. § 1983, not a breach of contract or insurance interpleader case. The complication, delay, and prejudice to the plaintiffs are all sufficient here to deny leave to file the third-party complaint.

Moreover, the Township asserts that the third-party complaint is frivolous and asserts no viable legal theory for relief. The Township points to another case where leave to file a third-party complaint for contribution, indemnity, and breach of contract was denied on grounds of futility. See <u>Davis v. Protection One Alarm Monitoring</u>, 2005 WL 3728711, *6-7 (D. Mass.)(denying leave because third-party indemnification or contribution was not available, and because the contract claim merely sought indemnification "dressed up in different language").

The Hamilton defendants are seeking contribution for alleged constitutional violations by the officers and its own policy, however, contribution is not available under federal law for violations of § 1983 (against a party who did not commit any acts), nor is it available under Ohio state law for intentional torts. The Hamilton defendants and Township defendants were not "joint-tortfeasors." Neither the complaint, nor the proposed third-party complaint, contains any allegations of unlawful actions by the Township defendants. See <u>Sears v. Atchison, Topeka & Santa Fe Railway Co.</u>, 749 F.2d 1451, 1454 (10th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985) (observing, with respect to a demand for contribution, that "[t]here might be merit in the contentions if this were an ordinary case of joint tortfeasors who were liable to each other for contribution"). The police officers employed by the Hamilton County Sheriff's Department had their own duty not to use excessive force against or otherwise violate the plaintiff's constitutional rights and cannot shift their liability to the Township. See <u>Deaton v. Montgomery County, Ohio</u>, 989 F.2d 885, 887-888 (6th Cir. 1993). The third-party complaint states no claim for relief on such basis.

Additionally, the amended complaint identifies only the policy of the Hamilton County Sheriff (doc. no. 3 at ¶¶ 33, 63). No policy of the Township is identified. See Deaton, 989 F.2d at 887-888 (holding that where city agreed to operate the county's jail, "[t]he duty to . . . operate the facility belongs to the City and the .... . . policy it chooses to implement does not become that of the County because the City has separate statutory authority to house prisoners. . . any constitutional violations of the plaintiffs' rights were the result of City, not County, policy"). Even if the Township had some degree of control over the officers by virtue of the contract, "[t]he law is clear that, in actions brought pursuant to 42 U.S.C. Sec. 1983 . . . the liability of supervisory personnel and government entities must be based on more than merely the right to control." Ridgeway v. Union County Com'rs, 775 F.Supp. 1105, 1110 (S.D.Ohio 1991). The United States Supreme Court has long held that respondeat superior is not a basis for liability. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978).

Section 1983 does not contain any provision for contribution. Federal case law, including the case law cited by the Hamilton defendants, generally reflects that there is no right of contribution for § 1983 violations from a party who did not participate in any acts. See, e.g., Sears, 749 F.2d at 1454 (finding no right of contribution in § 1983 case). With respect to the plaintiffs' pendant state law claims, Ohio law provides that "[t]here is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established." Ohio R.C. § 2307.25(A); and see, Ballreich Bros., Inc. v. Criblez, 2010 WL 2735733 (Ohio App.

3 Dist.) (affirming dismissal with prejudice of several counts of third-party complaint because "there is no way the [defendants] can plead a claim for contribution" on counts alleging intentional torts). The Hamilton defendants allegedly committed intentional torts and may not seek contribution from the Township defendants, who did not participate in those acts.

The Hamilton defendants' other theories for shifting liability fare no better. "Equitable subrogation" is essentially a claim of unjust enrichment, which is not available when an express contract exists, as here. Morever, "recovery under unjust enrichment is designed to compensate the plaintiff for the benefit he has conferred upon another, not to compensate him for a loss suffered." Jones v. Jones, 179 Ohio App.3d 618, 903 N.E.2d 329, 337 (2008) (citing Hughes v. Oberholtzer, 162 Ohio St. 330, 335 (1954)). The Township defendants are not alleged to have unjustly retained any benefit without payment. This theory simply does not fit the fact pattern before the Court, i.e. there is no allegation that the Township failed to pay for the policing services. Moreover, such a claim would not be derivative of the § 1983 claims here, and thus, would not be appropriately brought under Rule 14 as a third-party claim.

Finally, while a claim for indemnification may properly be asserted under Rule 14(a), see Am. Zurich Ins. Co., 512 F.3d at 805, there must be an actual basis for the asserted indemnity. Here there is none. The written contract for policing services contains no agreement to indemnify, and the Hamilton defendants suggest no plausible reason why indemnification should be "implied" given that the written contract expressly indicates it is the "entire agreement" between the parties.

The Hamilton defendants point to Ohio R.C. § 2744.07(A)(1), which requires a political subdivision to defend employees "in any . . . action   . . .which contains an allegation for damages for injury . . .caused by an act . . . of the employee in connection with a governmental . . . function." They argue that this statute requires the Township to defend and indemnify the defendant officers in this case. This argument is easily dispensed with, as the contract expressly provides that the officers were the employees of the Hamilton County Sheriff.  In fact, under Ohio law, the Hamilton County Sheriff has the sole authority to appoint deputy sheriffs.  Ohio R.C. § 311.04.  The Hamilton County Sheriff, not the Township, is responsible for defending his officers.

In their reply, the Hamilton defendants improperly raise additional arguments for the first time and urge that the "relationship" of the Hamilton defendants and Township should somehow provide a basis for imposing liability on the Township, despite the unambiguous language of the contract.  It is not necessary to address these convoluted arguments.  This Court will exercise its discretion to deny leave to file the proposed third-party complaint on the ground that it would unduly complicate and delay this case and prejudice the plaintiffs. This Court will not condone any further delay of the plaintiffs' civil rights case here.  Briefing of these purported third-party liability issues has already consumed over four months and resulted in modification of this Court's Scheduling Order.

C. The Motion for Sanctions

Finally, the Township defendants move for sanctions against the Hamilton

defendants and their counsel pursuant to Rule 11 and the Court's inherent authority (doc. no. 18 at 2).[3] Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990). Specifically, Rule 11(b) of the Federal Rules of Civil Procedure provides in relevant part:

> "By presenting . . . a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ."

Fed.R.Civ.P. 11. Rule 11(c)(1) provides that a court may impose an appropriate sanction for such violations. To the extent the Township asks for sanctions against the Hamilton defendants *and* their counsel for seeking to file a pleading that "lacks a basis in law," Rule 11(c)(5)(A) provides that a court "must not impose a monetary sanction against a represented party for violating Rule 11(b)(2)."

The Township defendants assert that the legal contentions in the third-party complaint are not "warranted by existing law or by a nonfrivolous argument for

---

[3]The Township defendants indicate in their motion that the mandatory "safe harbor" provision of Rule 11(c)(2) has been complied with.

extending, modifying, or reversing existing law or for establishing new law." A court must examine counsel's conduct in the context of what was reasonable under the circumstances. Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir. 1990); see also, Mich. Division-Monument Builders v. Mich. Cemetery Ass'n, 524 F.3d 726, 739 (6th Cir. 2008); Andretti v. Borla Perf. Indus., 426 F.3d 824, 833 (6th Cir. 2005). The Court must examine whether counsel acted reasonably when he submitted the pleading. Having carefully considered the briefs, the Court is satisfied that counsel has not presented his proposed pleading and briefs for an improper purpose, such as delay, and that, under the circumstances, he has made (barely) a reasonable inquiry into the legal basis for his pleading.

A district court has inherent authority to sanction a party for litigation conduct. Smith v. ABN AMRO Mortgage Group, 2011 WL 3268122, fn. 5 (6th Cir. 2011); Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991). To impose sanctions, the court must find "bad faith or conduct tantamount to bad faith." BDT Prods., Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 752 (6th Cir. 2010). "[T]he court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." Id. at 753; Moross Ltd. P'ship v. Fleckenstein Capital, Inc., 466 F.3d 508, 520 (6th Cir. 2006).

Although leave to file the third-party complaint has been denied, the Court is not persuaded that sanctions for bad faith are appropriate here. The mere fact that a motion is denied is not a basis for sanctions. Smith, 2011 WL 3268122 ("the mere fact that an action is without merit does not amount to bad faith"). While the motion

for leave has resulted in some delay, nothing of record suggests at this time that it was filed for the purpose of delay.  No bad faith is now apparent.

**III,  Conclusion**

Based on the foregoing, the Court concludes that the proposed third-party complaint would unduly complicate and delay this § 1983 action, and thereby prejudice the plaintiffs.  Additionally, it would "foster obviously unmeritorious claims' because the Township defendants committed no acts that would subject them to "primary liability" and there is no right of contribution for violations of § 1983 or for  intentional torts under Ohio state law.  The Court need not elaborate on any other tenuous theories of recovery, as they merely seek contribution couched in other words.  With respect to sanctions,  the Court will decline to impose them at this time, as no bad faith is apparent here and counsel is deemed to have made at least a reasonable effort to ascertain grounds for his proposed pleading.

Accordingly, the "Motion to Intervene" (doc. no. 11) is GRANTED; the "Motion for Leave to File Third Party Complaint" (doc. no. 9) is DENIED;  and the "Motion for Sanctions" (doc. no. 18) is DENIED.

IT IS SO ORDERED.

                                                           s/Herman J. Weber
                                          Herman J. Weber, Senior Judge
                                          United States District Court